# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:18-bk-13326 |
| JOHN J. FECAROTTA | Chapter 13 |
| | Honorable Janet S. Baer |
| Debtor(s) | |

## NOTICE OF MOTION

To:  Ms. Barbara J. Desoer            Ms. Emily L. Peel
     CITIBANK, N.A.                   THOMPSON COBURN LLP
     701 East 60th Street North       55 East Monroe Street, 37th Floor
     Sioux Falls, South Dakota 57104  Chicago, Illinois 60603

PLEASE TAKE NOTICE that on January 18, 2019 at 9:30 a.m., the undersigned will appear before the Honorable Janet S. Baer at the Kane County Courthouse, 100 South Third Street, Courtroom 240, Geneva, Illinois and will then and there present **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS AGAINST CITIBANK, N.A. FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY**, a copy of which is hereby served upon you.

                                    */s/ Joseph Scott Davidson*

                                    Joseph Scott Davidson
                                    Mohammed Omar Badwan
                                    **SULAIMAN LAW GROUP, LTD.**
                                    2500 South Highland Avenue
                                    Suite 200
                                    Lombard, Illinois 60148
                                    +1 630-575-8181
                                    jdavidson@sulaimanlaw.com
                                    mbadwan@sulaimanlaw.com

                                    *Counsel for John J. Fecarotta*

## **CERTIFICATE OF SERVICE**

I, Joseph Scott Davidson, an attorney, hereby certify that on December 19, 2018, **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS AGAINST CITIBANK, N.A. FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system. I have mailed this document by United States Postal Service Certified Mail, postage prepaid to:

Ms. Barbara J. Desoer  
CITIBANK, N.A.  
701 East 60th Street North  
Sioux Falls, South Dakota 57104

Ms. Emily L. Peel  
THOMPSON COBURN LLP  
55 East Monroe Street, 37th Floor  
Chicago, Illinois 60603

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson  
Mohammed Omar Badwan  
**SULAIMAN LAW GROUP, LTD.**  
2500 South Highland Avenue  
Suite 200  
Lombard, Illinois 60148  
+1 630-575-8181  
jdavidson@sulaimanlaw.com  
mbadwan@sulaimanlaw.com

*Counsel for John J. Fecarotta*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 18-13326<br>Northern District of Illinois<br>Chicago<br>Wed Dec 19 13:05:44 CST 2018 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 |
| Abc Credit & Recovery<br>4736 Main St.<br>Suite 4<br>Lisle, IL 60532-1986 | Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Citibank/Sears<br>Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 |
| Citibank/Sears<br>Po Box 6283<br>Sioux Falls, SD 57117-6283 | Citibank/The Home Depot<br>Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 | Citibank/The Home Depot<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 |
| Guaranteed Rate/dovenm<br>1 Corporate Dr.<br>Suite 360<br>Lake Zurich, IL 60047-8945 | Kohl's/Capital One<br>Kohl's Credit<br>Po Box 3120<br>Milwaukee, WI 53201-3120 | Kohls/Capital One<br>N56 W 17000 Ridgewood Dr.<br>Menomonee Falls, WI 53051-5660 |
| Lieberman Management Services, Inc.<br>Po Box 5723<br>Carol Stream, IL 60197-5723 | Manley Deas Kochalski LLC<br>1 E. Wacker Dr.<br>Suite 1250<br>Chicago, IL 60601-1980 | Merchants Credit<br>223 W. Jackson Blvd.<br>Suite 700<br>Chicago, IL 60606-6914 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Spine & Sports Physiatrists<br>c/o ABC Credit & Recovery Services<br>PO Box 3722<br>Lisle, IL 60532-8722 | Syncb/hhgreg<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Syncb/hhgreg<br>c/o Po Box 965036<br>Orlando, FL 32896-0001 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Wells Fargo Bank, N.A.<br>Default Document Processing N9286-01Y<br>1000 Blue Gentian Road<br>Eagan MN, 55121-7700 |
| Wells Fargo Bank, N.A.<br>c/o Manley Deas Kochalski LLC<br>P.O. Box 165028<br>Columbus, OH 43216-5028 | Wells Fargo Home Mor<br>8480 Stagecoach Cir.<br>Frederick, MD 21701-4747 | Wells Fargo Home Mor<br>Attn: Bankruptcy<br>Mac X7801-014 3476 Stateview Blvd.<br>Fort Mill, SC 29715 |
| Glenn B Stearns<br>801 Warrenville Road Suite 650<br>Lisle, IL 60532-4350 | John J Fecarotta<br>6293 Woodward Ave.<br>Downers Grove, IL 60516-1711 | Joseph S Davidson<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Ave<br>Suite 200<br>Lombard, IL 60148-7103 |
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

**Portfolio Recovery Associates, LLC**
**Successor to SYNCHRONY BANK**
**(H H GREGG)**
**POB 41067**
**Norfolk, VA 23541**

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Guaranteed Rate, Inc.          (u)Oak Brook Towers Condominium Association          (u)Wells Fargo Bank, N.A.

**End of Label Matrix**
**Mailable recipients    27**
**Bypassed recipients     3**
**Total                  30**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:18-bk-13326 |
| JOHN J. FECAROTTA | Chapter 13 |
| Debtor(s) | Honorable Janet S. Baer |

### DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS
### FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY

JOHN J. FECAROTTA ("Fecarotta"), through counsel, SULAIMAN LAW GROUP, LTD., pursuant to 11 U.S.C. § 362(k), moves for the imposition of sanctions against CITIBANK, N.A. ("Citibank") for the willful violation of the automatic stay. In support thereof, Fecarotta states as follows:

### JURISDICTION AND VENUE

1. This proceeding is brought before this Court pursuant to 28 U.S.C. § 157(a).

2. Subject matter jurisdiction lies under 28 U.S.C. § 1334(b).

3. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

4. Venue is proper pursuant to 28 U.S.C. § 1408(1).

### FACTUAL ALLEGATIONS

5. On August 7, 2000, Fecarotta applied for and was approved for a Sears MasterCard® (the "Sears Card"), issued by Citibank.

6. From August 7, 2000 to February 14, 2018, Fecarotta made various charges on the Sears Card, accruing a $6,211.39 balance.

7. On June 10, 2017, Fecarotta applied for and was approved for The Home Depot Consumer Credit Card (the "Home Depot Card"), issued by Citibank.

8. From June 10, 2017 to February 2, 2018, Fecarotta made various charges on the Home Depot Card, accruing a $5,490.06 balance.

9. On February 21, 2018, Fecarotta instituted separate arbitration proceedings against Citibank with the American Arbitration Association (the "AAA") alleging Citibank's violation(s) of the Telephone Consumer Protection Act (the "TCPA") styled as Case # 01-18-0000-8674 (the "case ending in 8674") related to the Home Depot Credit Card; Case # 01-18-0000-8678 (the "case ending in 8678") related to the Sears Card.

10. On March 23, 2018, pursuant to AAA Consumer Rule R-2(d), Citibank, through counsel, asserted counterclaims against Fecarotta seeking $12,034.12 in the case ending in 8678.

11. On May 7, 2018, Fecarotta initiated a bankruptcy case by filing a Chapter 13 petition.

12. Simultaneously, Fecarotta filed Schedules. On Schedule F: Creditors Who Have Unsecured Claims," Fecarotta listed Citibank/Sears and Citibank/The Home Depot.

13. Fecarotta's bankruptcy case filing triggered an automatic stay against most collection activities.

14. On May 10, 2018, notice of Fecarotta's bankruptcy case filing was sent to Citibank/Sears and Citibank/The Home Depot at P.O. Box 790034, St. Louis, Missouri 63179.

15. Last date to file claims was July 16, 2018. Despite having notice, Citibank did not file claims.

16. On August 2, 2018, pursuant to AAA Consumer Rule R-2(d), Citibank, through counsel, asserted counterclaims against Fecarotta seeking $12,197.24 in the case ending in 8674.

17. On August 6, 2018, Fecarotta submitted Answers and Objections to Citibank's Request for Production in the case ending in 8678.

18. Fecarotta made specific reference to Fecarotta's bankruptcy proceedings, effectively providing Citibank with notice.

19. On October 29, 2018, Fecarotta submitted Answers and Objections to Citibank's Request for Production in the case ending in 8674.

20. Fecarotta unequivocally stated that Citibank's counterclaims in the case ending in 8674 violated the automatic stay.

21. On November 12, 2018, Citibank, through counsel, acknowledged Fecarotta's bankruptcy case.

22. Specifically, Citibank's counsel informed Fecarotta's counsel that they will no longer engage in discovery without the Chapter 13 Trustee's consent that Fecarotta may proceed.

23. In response, Fecarotta's counsel informed Citibank's counsel of Fecarotta's intention to pursue claims against Citibank for violating the automatic stay.

24. To date, counterclaims seeking $12,034.12 and $12,197.24 remain pending against Fecarotta in both arbitration proceedings.

**LAW**

25. The filing of a bankruptcy petition operates as a stay of, among other things, "the commencement or continuation" of proceedings against the debtor on a pre-petition claim, and "any act to collect, assess, or recover, a claim against the debtor that arose [pre-petition]." 11 U.S.C. §§ 362(a)(1), (6).

26. Section 362(a) of the Bankruptcy Code provides that the filing of a Bankruptcy petition operates to stay:

(1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title; …

(6) Any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

## ARGUMENT

27. Once Fecarotta filed his bankruptcy petition on May 7, 2018, the automatic stay went into effect and protected he and property of his estate from claims of creditors.

28. Citibank violated the automatic stay by:

- filing counterclaims in the case ending in 8674;

- failing to undo its previous violation in the case ending in 8674; and

- failing to stay its counterclaims in the case ending in 8678.

### A. Commencement of Proceedings

29. The policy behind the automatic stay is to preserve the status quo, protecting "the estate from being depleted by creditors' lawsuits and seizures of property in order to provide the debtor breathing room to reorganize." *In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (9th Cir. BAP 2009).

30. Neither the language of § 362 nor the policy behind the automatic stay requires the stay of actions brought by the debtor. *In re Merrick*, 175 B.R. 333, 336-337 (9th Cir. BAP 1994).

31. Nor does the stay "prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action." *In re Way*, 229 B.R. 11, 13 (9th Cir. BAP 1998).

32. Defending itself is one thing; asserting a counterclaim is another.

> A counterclaim is an independent cause of action …. As such, a counterclaim is an "action or proceeding against a debtor" and relief from the stay under § 362(a)(1) must be sought in order to continue its prosecution postpetition.

*Id*. at 14.

33. Thus, although Citibank's response to Fecarotta's Demand for Arbitration did not violate the stay, Citibank's August 2, 2018 filing of counterclaims did.

34. Citibank's August 2, 2018 counterclaim in the case ending in 8674 sought to collect, assess, or recover the amount of a claim that arose against Fecarotta pre-petition.

35. Accordingly, Citibank's August 2, 2018 counterclaim in the case ending in 8674 constituted the commencement of proceedings against Fecarotta; thus, violating the automatic stay.

### B. Undoing Prior Violations of the Automatic Stay

36. Failure to take "reasonable steps" to remedy a prior stay violation in itself violates the automatic stay. *In re Kuzniewski*, 508 B.R. 678, 685 (Bankr. N.D. Ill. 2014) citing *Copeland v. Kandi*, 441 B.R. 352, 360 (Bankr. W.D. Wash. 2010) (defendant *required* to dismiss counterclaims filed post-petition and in violation of stay) (emphasis added).

37. The Seventh Circuit has held that a "creditor has an affirmative duty to undo acts which violate the stay, even if she had no actual notice of the bankruptcy at the time the acts were performed." *Smith v. Albert* (*In re Smith*), 111 F.3d 133 (7th Cir. 1997) citing *In re Hellums*, 772 F.2d 379 (7th Cir. 1985).

38. Thus, once Citibank learned of this bankruptcy case, they were required to dismiss counterclaims filed on August 2, 2018 in the case ending in 8674.

39. In light of Citibank's knowledge of Fecarotta's bankruptcy proceedings, Citibank's failure to do so constitute a willful violation of the automatic stay.

### C. Continuation of Proceedings

40. Although § 362(a) prohibits both the commencement and the "continuation" of proceedings, most courts have held that at least in some instances a case initiated before the petition

date may be stayed for the course of the bankruptcy rather than dismissed without violating the automatic stay. *See, e.g., Alley Cassetty Co. v. Wren* (*In re Alley Cassetty Co.*), 502 B.R. 609, 614 (N.D. Ga. 2013) (where state court lawsuit "was stayed pursuant to a suggestion of bankruptcy" and creditor had "promptly assured [debtor] in writing that it would not take any further actions against" debtor, creditor "did not need to take any steps to ensure that the automatic stay was not violated"); *In re Long*, 2009 Bankr. LEXIS 4433, 2009 WL 981134 (Bankr. D. Mont. 2009) (obligation to "discontinue" proceedings permits staying rather than dismissing the proceeding if proceeding was commenced pre-petition).

41. Here, alleged Counterclaims against Fecarotta seeking $12,034.12 in case ending in 8678 on March 23, 2018.

42. AAA was not informed of Fecarotta's bankruptcy proceedings until November 12, 2018 and has not stayed said counterclaims to date; constituting willful stay violations.

**DAMAGES**

43. The action, and inaction, of Citibank in both arbitration proceedings manifested conduct that goes beyond merely "willful" – that was in reckless or callous disregard of the law and the rights of Fecarotta.

44. Indeed, the damages sustained by Fecarotta are more than fleeting or inconsequential.

45. The action, and inaction, of Citibank caused Fecarotta to experience worry, shock, and emotional distress consistent with believing that filing for relief had little effect.

WHEREFORE, Fecarotta respectfully requests the Court enter an order:

A.    finding Citibank in willful violation of the automatic stay;

B. compelling Citibank's to dismiss or stay its March 23, 2018 counterclaim in the case ending in 8678, or be subject to further sanctions;

C. declaring Citibank's August 2, 2018 counterclaim in the case ending in 8647 void *ab initio*;

D. imposing sanctions against Citibank in form of actual damages, including costs and attorneys' fees; and punitive damages; and

E. granting such other relief as the Court may deem appropriate.

Dated: December 19, 2018    Respectfully submitted,

**JOHN J FECAROTTA**

By: */s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com