**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 1:18-bk-13326 |
| | ) | |
| JOHN J. FECAROTTA, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |

## CITIBANK, N.A.'S RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS

Citibank, N.A. ("Citi"), in response to the Motion for Imposition of Sanctions Against Citibank, N.A. for the Willful Violation of the Automatic Stay ("Motion") filed by John Fecarotta ("Debtor"), states as follows:

### INTRODUCTION

Debtor alleges Citi willfully violated the automatic stay in connection with pre-petition arbitrations initiated by Debtor against Citi. Citi did file a counterclaim in one arbitration after the bankruptcy filing by Debtor. However, counsel for Debtor never informed counsel for Citi of the bankruptcy filing or notified the district court or the arbitrators of the bankruptcy filing for months. There is no excuse for Debtor's counsel failing to advise Citi's counsel of the bankruptcy filing since counsel for the Debtor here is the same counsel representing Debtor in the arbitrations. In fact, it was counsel for Citi who ultimately informed the arbitrators of the bankruptcy filing to ensure that the implications of the bankruptcy filing could be properly vetted by the arbitrators. Regardless, other than the initial filing of the counterclaim in one of the arbitrations, Citi has done nothing to pursue the counterclaims asserted in the arbitrations since the Petition Date. Sanctions are not appropriate or necessary under these circumstances.

## BACKGROUND

1. On November 30, 2017, Debtor filed an action against Citi in the United States District Court for the Northern District of Illinois, Case No. 17-cv-08649, relating to the Debtor's Home Depot credit card account (the "Home Depot District Court Case").

2. On November 30, 2017, Debtor also filed an action against Citi in the District Court, Case No. 17-cv-08353, relating to the Debtor's Sears credit card account (the "Sears District Court Case" and with the Home Depot District Court Case, the "District Court Cases").

3. On January 18, 2018, the parties agreed the District Court Cases should be stayed and the matters should be arbitrated.

4. On February 21, 2018, Debtor filed a Demand for Arbitration on claims relating to the Home Depot credit card account (AAA 8674) (the "Home Depot Arbitration").

5. On February 21, 2018, Debtor filed a Demand for Arbitration on claims relating to the Sears credit card account (AAA 8678) (the "Sears Arbitration" and with the Home Depot Arbitration, the "Arbitrations").

6. On March 9, 2018, the American Arbitration Association (the "AAA") opened the Sears Arbitration Demand and advised Citi that it had until March 23, 2018 to file a response.

7. On March 23, 2018, Citi filed its Response, Defenses and Counterclaim (the "Sears Counterclaim") in the Sears Arbitration.

8. On May 7, 2018 (the "Petition Date"), Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the

"Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Illinois.

9. Citi was sent a notice of the filing of the Bankruptcy Case, but the notice of the Bankruptcy Case was not conveyed to counsel for Citi in the Arbitrations.

10. Counsel for Debtor in the Bankruptcy Case is counsel for the Debtor in the District Court Cases and the Arbitrations. Counsel for Debtor did not inform counsel for Citi, the District Court, or the arbitrators regarding the filing of the Bankruptcy Case. It was not until Debtor made a slight reference buried toward the end of discovery responses that were sent to counsel for Citi in the Sears Arbitration in August 2018 that the Bankruptcy Case was even noted by the Debtor.

11. On May 24, 2018, the arbitrator in the Sears Arbitration held a preliminary hearing, and counsel for Debtor did not mention the filing of Debtor's Bankruptcy Case to counsel for Citi or to the arbitrator. The arbitrator directed the parties to complete discovery by August 7, 2018.

12. On June 4, 2018, Debtor issued document requests to Citi, and on June 6, 2018, Debtor subpoenaed phone records.

13. At a status conference before the District Court in the Home Depot District Court Case on June 28, 2018, Debtor did not notify the District Court or counsel for Citi of the Bankruptcy Case.

14. On July 3, 2018, Citi issued document requests to the Debtor in the Sears Arbitration, requesting information on Debtor's claims asserted against Citi.

15. On July 19, 2018, the AAA finally opened the Home Depot Arbitration, and advised Citi that it had until August 2, 2018 to file a response.

16. On August 2, 2018, Citi filed its Response, Defenses and Counterclaim (the "Home Depot Counterclaim") in the Home Depot Arbitration. The Home Depot Counterclaim was filed after the Petition Date.

17. On August 6, 2018, Debtor responded to Citi's document request in the Sears Arbitration, in which Debtor referenced for the first time Debtor's Bankruptcy Case, indicating that he intended on using documents filed in the Bankruptcy Case. The response also claimed that the Sears Counterclaim filed by Citi before the Petition Date was a violation of the automatic stay and that it is void *ab initio*.

18. On September 17, 2018, at a status conference on the Sears Arbitration, counsel for Debtor made no mention of the Bankruptcy Case to the arbitrator.

19. On September 24, 2018, at a preliminary hearing with the arbitrator in the Home Depot Arbitration, counsel for Debtor made no mention of the Bankruptcy Case to the arbitrator.

20. On October 8, 2018, Debtor responds to the Home Depot Counterclaim and again made no mention of the Bankruptcy Case.

21. On October 8, 2018, Debtor issued document requests to Citi and Citi issued document requests to the Debtor in the Home Depot Arbitration, requesting information only related to Debtor's claims asserted against Citi.

22. On October 29, 2018, Debtor responded to Citi's document requests in the Home Depot Arbitration. The response asserted that the Home Depot Counterclaim filed by Citi was a violation of the automatic stay and points out that the Home Depot Counterclaim is void *ab initio*.

23. On October 30, 2018, at a status hearing in the District Court in the Home Depot District Court Case, Debtor's counsel made no mention of the Bankruptcy Case to the District Court.

24. At a status conference in the Sears Arbitration on November 12, 2018, counsel for Citi notified the arbitrator regarding the Bankruptcy Case.  The arbitrator stayed the Sears Arbitration and required Debtor to obtain authorization from the Bankruptcy Trustee to pursue his claims in arbitration.

25. It was only after Citi notified the arbitrator regarding the Bankruptcy Case that counsel for the Debtor directly addressed the filing of the Home Depot Counterclaim with counsel for Citi, when on November 13, 2018, counsel for Debtor sent electronic mail to counsel for Citi, informing counsel for Citi that the Debtor would be seeking sanctions for the alleged violation of the automatic stay.

26. At a status conference in the Home Depot Arbitration on November 15, 2018, counsel for Citi notified the arbitrator regarding the Bankruptcy Case.  The arbitrator stayed the Home Depot Arbitration and required Debtor to obtain authorization from the Bankruptcy Trustee to pursue his claims in arbitration.

27. On December 19, 2018, Debtor filed the Motion seeking sanctions against Citi for violation of the automatic stay.

28. On January 4, 2019, Debtor obtained authorization from the Bankruptcy Trustee to pursue his claims in the Arbitrations.

29. Throughout the Arbitrations, other than the filing of the Home Depot Counterclaim on August 2, 2018, by counsel for Citi without knowledge of the Bankruptcy

Case, Citi took no action to continue or to seek to collect its pre-Petition Date claim against the Debtor.

30.     On January 29, 2019, Citi withdrew the void Home Depot Counterclaim from the Home Depot Arbitration.

**ARGUMENT**

Counsel for Debtor alleges willful violations of the automatic stay in the following acts or omissions of Citi:

- Failing to stay the Sears Counterclaim in the Sears Arbitration;

- Filing the Home Depot Counterclaim in the Home Depot Arbitration on August 2, 2019; and

- Failing to undo the filing of the Home Depot Counterclaim in the Home Depot Arbitration on August 2, 2019.

Debtor seeks a determination that Citi willfully violated the automatic stay and seeks actual damages, including costs and attorneys' fees, and punitive damages as a remedy for Citi's alleged actions or inactions.

To be clear, the filing of the Home Depot Counterclaim on August 2, 2018, violated the automatic stay as a technical matter.  One only has to look at a calendar and determine the nature of the action taken by Citi.  The filing of the Home Depot Counterclaim took place after the Petition Date and constituted a continuation of a proceeding against the Debtor that could have been commenced before the commencement of the Bankruptcy Case, and/or an act to assess a claim against the Debtor that arose before the filing of the Bankruptcy Case.  However, Citi's action in filing the Home Depot Counterclaim was done by counsel without knowledge of the filing of the Bankruptcy Case and was not willful.  No other actions taken by Citi since the Petition Date could even arguably violate the automatic stay.

Section 362 provides as follows:

> [A] petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a). Section 362 provides for a remedy for violation of the automatic stay as follows:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1). When a debtor is seeking to recover damages for a willful violation under Section 362(k), the debtor must prove, by a preponderance of the evidence, the following:

(a) A bankruptcy petition was filed;

(b) The aggrieved debtor is an "individual";

(c) The creditor had notice of the petition;

(d) The creditor's actions were willful and violated the stay; and

(e) The debtor is entitled to a form of relief provided by Section 362(k).

- 7 -

*See In re Rose*, No. 12 B 27635, 2012 WL 4511342, at *2 (Bankr. N.D.Ill. Oct. 2, 2012) (*citing Kondritz v. Univ. of Phoenix (In re Kondritz)*, Ch. 7 Case No. 10–12630–FJO–7, Adv. No. 10–50623, 2011 WL 2292292, at *4 (Bankr. S.D.Ind. June 8, 2011)).

Debtor, an individual, filed the Bankruptcy Case on the Petition Date. Citi was sent notice of the Bankruptcy Case. However, Debtor did not send notice to counsel for Citi even though Debtor's counsel knew that Citi was represented by counsel with respect to Citi's claims against the Debtor. Citi's action of filing the Home Depot Counterclaim, through its counsel in the Home Depot Arbitration that did not have knowledge of the Bankruptcy Case, was not willful. None of the other conduct complained of by Debtor violates the automatic stay, and in any event, Debtor is not entitled to the form of relief provided for in section 362(k) because Debtor did not suffer any actual damages.

**I.        Citi did not violate the automatic stay in the Sears Arbitration.**

The Sears Counterclaim filed in the Sears Arbitration was filed before the Petition Date. The act of filing the Sears Counterclaim before the Petition Date did not violate the automatic stay because the automatic stay does not exist until the Petition Date. 11 U.S.C. § 362(a). The Sears Counterclaim is stayed automatically by the filing of the Bankruptcy Case, so the Sears Counterclaim cannot be pursued. The Debtor has not pointed to and cannot point to any action by Citi in the Sears Arbitration that violates the automatic stay imposed in the Bankruptcy Case. Citi took no action in the Sears Arbitration to continue a proceeding against Debtor that was or could have been commenced before the Petition Date, or to recover a claim against the debtor that arose before the Petition Date; or take any other act to collect, assess, or recover a claim against the debtor that arose before the Petition Date.

Since the Petition Date, Citi has taken action to defend the Debtor's claims against Citi. Defending a claim brought by Debtor does not violate the automatic stay. *See In re Mid-City Parking, Inc.*, 332 B.R. 798, 807 (Bankr. N.D.Ill. 2005) (collecting cases). Citi is entitled to and will continue to defend itself in the Sears Arbitration.

Debtor suggests that Citi is required to affirmatively notify the arbitrator of the Bankruptcy Case and seek to stay the Sears Counterclaim. It was, in fact, Debtor's counsel that decided to remain silent in the Sears Arbitration for months regarding the filing of the Bankruptcy Case. Counsel for Citi, on the other hand, notified the arbitrator of Debtor's bankruptcy filing at the first conference after becoming apprised of the Bankruptcy Case. Regardless, the mere existence of stayed pre-Petition Date litigation does not violate the automatic stay. *See In re Kuzniewski*, 508 B.R. 678, 687 (Bankr. N.D.Ill. 2014) (no affirmative duty to dismiss a case pending on the petition date). Because the automatic stay by its nature is automatic, there is nothing for Citi to do other than not to proceed forward with the Sears Counterclaim. Citi has not and will not pursue the Sears Counterclaim unless and until Debtor's Bankruptcy Case is dismissed or relief from stay is granted.

**II.     Citi did not willfully violate the automatic stay in the Home Depot Arbitration**

As already indicated above, the filing of the Home Depot Counterclaim was a technical violation of the automatic stay in Debtor's Bankruptcy Case. However, this was done by counsel for Citi without knowledge of the Debtor's Bankruptcy Case, and this action does not constitute a willful violation of the automatic stay. Debtor also asserts that Citi should take corrective action in connection with the Home Depot Counterclaim.

### a. Counsel for Debtor did not inform counsel for Citi regarding Bankruptcy Case

Counsel for Debtor is not without some responsibility for the current status of this matter.  Counsel for Debtor sat silently by as both arbitrations proceeded before the arbitrators after he filed the Bankruptcy Case for Debtor.  Counsel for Debtor did not inform the arbitrators, the District Court, or counsel for Citi that the Debtor had filed the Bankruptcy Case.  This kind of delay in bringing the automatic stay to the attention of the tribunal and counsel for the counterparty can form the basis for laches.  *Matthews v. Rosene*, 739 F.2d 249, 251-52 (7th Cir. 1984)  (unreasonable delay in bringing the automatic stay to the attention of the tribunal can waive any claim for violation of the automatic stay; recognizing that equitable considerations such as a debtor's own actions or inactions should be considered in looking at stay violations).  Citi is not asserting laches here, but the Court should consider the equities considering the fact that Debtor's counsel remained silent.

Counsel for Debtor made reference to the Debtor filing for bankruptcy in the responses to discovery in the Sears Arbitration after the Home Depot Counterclaim was filed.  A debtor and counsel for a debtor cannot sit on their hands and then later after a passage of time complain about a violation of the automatic stay.  Counsel for Debtor should have disclosed a significant event like a bankruptcy filing to counsel for Citi and the arbitrators because the automatic stay applies to claims against Debtor, and the filing raises issues relating to the standing of Debtor to pursue claims against Citi.  Ultimately, Debtor's counsel never raised this issue with the arbitrators.  It was counsel for Citi that informed the arbitrators in both of the Arbitrations regarding the filing of the Bankruptcy

Case. Counsel for Debtor could have and should have handled this situation with open disclosure and communication.

### b. Citi took no action on the Counterclaim after notification of the Bankruptcy Case

Citi did nothing to pursue the Home Depot Counterclaim further than the initial filing of it on August 2, 2018. Citi performed discovery in the Arbitrations requesting information supporting Debtor's claims against Citi. Counsel for Citi informed the arbitrator regarding the Bankruptcy Case. Citi did continue and will continue to defend itself in the Home Depot Arbitration. There is not a single action taken by Citi after the filing of the Home Depot Counterclaim that could remotely be construed as a continuation of a proceeding against Debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; or take any other act to collect, assess, or recover a claim that arose before the Petition Date.

Debtor asserts that Citi failed to take action to remediate the alleged violation of the automatic stay. Because the action in filing the Home Depot Counterclaim was in violation of the stay regardless of Citi's knowledge of the Bankruptcy Case, the Home Depot Counterclaim was void and is treated as never having been filed. Counsel for Debtor already recognized that the Home Depot Counterclaim is void *ab initio*. *See Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir. 2001). There is no corrective action that can be taken because filing the Home Depot Counterclaim is a single, non-continuing action that took place in the past. This Court does not need to pronounce the Home Depot Counterclaim void because it already is void. Citi did not need to dismiss the Home Depot Counterclaim because that pending

- 11 -

claim is of no effect whatsoever. Although completely unnecessary since the assertion of the Home Depot Counterclaim is void (and had not to date been pursued and was not going to be pursued because counsel for Citi informed the arbitrator of Debtor's Bankruptcy Case), Citi withdrew the counterclaim filed in the Home Depot Arbitration on January 29, 2019.

The law certainly requires a creditor to take corrective action to fix a stay violation, such as returning a vehicle that had been repossessed like in *Thompson v. Gen. Motors Acceptance Corp., LLC*, 566 F.3d 699 (7th Cir. 2009). A corrective action, in that case and those like it, is necessary to prevent the continued consequences for a debtor in the real world – like being deprived of the use of a vehicle. Here, however, the filing of the Home Depot Counterclaim is void *ab initio* and as a matter of law is of no effect whatsoever. While the paper containing the Home Depot Counterclaim remains in an arbitrator's file that counterclaim cannot and will not be pursued because it is of no effect. There cannot be continued consequences from the Home Depot Counterclaim, so there is no corrective action that needs to be taken with respect of a claim that is already void. To the extent that anything needed to be done, the Home Depot Counterclaim has been withdrawn, though the counterclaim remains on the same paper in the arbitrator's file.

### c. Debtor suffered no damages as a result of Citi filing the Home Depot Counterclaim

Counsel for Debtor alleges that Debtor has suffered actual damages in the nature of worry, shock, and emotional distress. The Home Depot Counterclaim that was filed after the Petition Date was not served directly to Debtor, it was served on counsel for Debtor. As previously explained, and as counsel for Debtor acknowledges, as a result of the filing of the Bankruptcy Case (i) the Sears Counterclaim is stayed; (ii) any pre-Petition

Date claims that Citi could make in the Home Depot Arbitration are stayed; and (iii) the Home Depot Counterclaim that was filed is void *ab initio*. If Debtor was made aware of the filing of the Home Depot Counterclaim, it was counsel that advised the Debtor of the filing. This should not have caused any alleged worry, shock, or emotional distress as claimed, because counsel for Debtor knew that the Home Depot Counterclaim was void as a violation of the automatic stay and that none of Citi's pre-Petition Date claims could be pursued, in any event. Had Debtor's counsel conveyed the Home Depot Counterclaim with this information to Debtor, there should be no worry, shock, or emotional distress.

Of course, as already discussed above, counsel for Debtor did not communicate with counsel for Citi regarding the error made by filing the Home Depot Counterclaim after the Petition Date. Counsel for Debtor did not notify the arbitrators or the District Court of the filing of the Bankruptcy Case. Instead, counsel for Debtor sat silently and allowed the issue fester for a period of time. If the filing of the Home Depot Counterclaim filed by counsel for Citi without any knowledge of the Bankruptcy Case caused worry, shock, and emotional distress to the Debtor, counsel for Debtor would have and should have brought this issue to the attention of counsel for Citi. In this case, there was a technical violation of the stay that could have been alleviated with a telephone call from Debtor's counsel. There were no damages caused by this technical violation of the stay.

## CONCLUSION

Although the filing of the Home Depot Counterclaim in the Home Depot Arbitration by counsel without knowledge of the Bankruptcy Case is a technical violation of the automatic stay, Citi did not take that action in willful disregard for the automatic stay. Rather, the actions were taken because counsel for Debtor failed to communicate basic

information to counsel for Citi and the arbitrators. Regardless, Citi did not take any other action to pursue either the Home Depot Counterclaim or the Sears Counterclaim other than the filing of the Home Depot Counterclaim in the Home Depot Arbitration. All of Citi's other actions taken in the Arbitrations since the Petition Date have been in defense of Debtor's claims against Citi, which do not violate the automatic stay. There are instances when a creditor's actions rise to a level necessary to impose a sanction of damages for violation of the automatic stay, but this case is not one of them. Although unnecessary, the technical violation of the stay has been remedied and all other relief requested by Debtor should be denied.

WHEREFORE, Citibank, N.A. respectfully requests that the Court enter an order denying the relief requested under the Motion and granting such other and further relief as is just and appropriate under the circumstances.

>Respectfully submitted,
>
>CITIBANK, N.A.
>
>By */s/ Brian Hockett*
>    One of its Attorneys

Todd A. Rowden
Lauren Newman
Emily L. Peel
THOMPSON COBURN LLP
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
312.346.7500
trowden@thompsoncoburn.com
lnewman@thompsoncoburn.com
epeel@thompsoncoburn.com

Brian W. Hockett, IL - 6281854
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
bhockett@thompsoncoburn.com