## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | **Case No. 1:18-bk-13326** |
| | ) | |
| **JOHN J. FECAROTTA,** | ) | |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| | ) | **Hon. Janet S. Baer** |
| _____ | ) | |

## <u>DECLARATION OF EMILY L. PEEL</u>

I, Emily L. Peel, declare the following:

1.      I am a partner in the firm of Thompson Coburn LLP ("TC" or the "Firm"), which maintains offices for the practice of law at, among other places, 55 East Monroe Street, 37th Floor, Chicago, IL 60603, and I am duly admitted to practice law in good standing in the State of Illinois.  This Declaration is submitted in support of Citibank, N.A.'s Response in Opposition to Motion for Sanctions filed on behalf of Citibank, N.A. ("Citi").

2.      On November 30, 2017, John J. Fecarotta ("Debtor") filed an action against Citi in the United States District Court for the Northern District of Illinois (the "District Court"), Case No. 17-cv-08649, relating to the Debtor's Home Depot credit card account (the "Home Depot District Court Case").

3.      On November 30, 2017, Debtor also filed an action against Citi in the District Court, Case No. 17-cv-08353, relating to the Debtor's Sears credit card account (the "Sears District Court Case" and with the Home Depot District Court Case, the "District Court Cases").

4.      On January 18, 2018, the parties stipulated that the District Court Cases should be stayed and the matters should be arbitrated.

5.    On February 21, 2018, Debtor filed a Demand for Arbitration on claims relating to the Home Depot credit card account (AAA 8674) (the "Home Depot Arbitration").

6.    On February 21, 2018, Debtor filed a Demand for Arbitration on claims relating to the Sears credit card account (AAA 8678) (the "Sears Arbitration" and with the Home Depot Arbitration, the "Arbitrations").

7.    I represent Citi in the District Court Cases and the Arbitrations.

8.    On March 9, 2018, the American Arbitration Association (the "AAA") acknowledged receipt of the Sears Arbitration and advised Citi that it had until March 23, 2019 to file a response to the Demand for Arbitration.

9.    On March 23, 2018, Citi filed its Response, Defenses and Counterclaim (the "Sears Counterclaim") in the Sears Arbitration.

10.    A true and accurate copy of the Response, Defenses and Counterclaim is attached hereto as Exhibit A.

11.    On May 7, 2018 (the "Petition Date"), Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Illinois (Bankr. Dkt. No 1).

12.    The notice of the Bankruptcy Case was not sent to me, as counsel for Citi in the pending Arbitrations.

13.    Counsel for Debtor did not inform me, the District Court, or the arbitrators of the filing of the Bankruptcy Case.

14.     On May 24, 2018, the arbitrator in the Sears Arbitration held a preliminary hearing, and counsel for Debtor did not mention the filing of Debtor's Bankruptcy Case to me or to the arbitrator.

15.     At that preliminary hearing, the arbitrator directed the parties to complete discovery by August 7, 2018.

16.     On June 4, 2018, Debtor issued document requests to Citi in the Sears Arbitration.

17.     At a status conference before the District Court in the Home Depot District Court Case on June 28, 2018, Debtor did not notify the District Court or me of the Bankruptcy Case.

18.     On July 3, 2018, Citi issued document requests to the Debtor in the Sears Arbitration, requesting information on Debtor's claims asserted against Citi.

19.     A true and accurate copy of the document requests sent by Citi is attached hereto as Exhibit B.

20.     On July 19, 2018, the AAA acknowledged receipt of the Home Depot Arbitration and advised Citi that it had until August 2, 2018 to file a response to the Demand for Arbitration.

21.     On August 2, 2018, Citi filed its Response, Defenses and Counterclaim (the "Home Depot Counterclaim") in the Home Depot Arbitration.

22.     A true and accurate copy of the Response, Defenses and Counterclaim is attached hereto as Exhibit C.

23.     On August 6, 2018, Debtor responded to document requests in the Sears Arbitration and produced five pages of documents.  Debtor's response was the first time Debtor referenced the Bankruptcy Case.

24.     A true and accurate copy of the response to the document requests is attached hereto as <u>Exhibit D</u>.

25.     On September 17, 2018, there was a status conference with the arbitrator in the Sears Arbitration; counsel for Debtor made no mention of the Bankruptcy Case to the arbitrator or to me.

26.     On September 24, 2018, at a preliminary hearing with the arbitrator in the Home Depot Arbitration, counsel for Debtor made no mention of the Bankruptcy Case to the arbitrator or me.

27.     On October 8, 2018, Debtor responded to the Home Depot Counterclaim and again made no mention of the Bankruptcy Case.

28.     A true and accurate copy of the Debtor's response to the Home Depot Counterclaim is attached hereto as <u>Exhibit E</u>.

29.     On October 8, 2018, Debtor issued document requests to Citi and Citi issued document requests to the Debtor in the Home Depot Arbitration, requesting information on Debtor's claims asserted against Citi.

30.     A true and accurate copy of the document requests sent by Citi is attached hereto as <u>Exhibit F</u>.

31.     On October 29, 2018, Debtor responded to document requests in the Home Depot Arbitration.

32.     A true and accurate copy of Debtor's response to the document requests is attached hereto as <u>Exhibit G</u>.

33.     On October 29, 2018, Debtor produced the Bankruptcy Case docket.

34.     On October 30, 2018, at a status hearing in the District Court in the Home Depot District Court Case, Debtor's counsel made no mention of the Bankruptcy Case to the District Court or to me.

35.     At a status conference in the Sears Arbitration on November 12, 2018, I notified the arbitrator regarding the Bankruptcy Case.

36.     The arbitrator directed Debtor's counsel to obtain authorization from the bankruptcy trustee to pursue the claims in arbitration.

37.     On November 13, 2018, counsel for Debtor sent an e-mail to me, informing me that the Debtor would be seeking sanctions for the alleged violation of the automatic stay.

38.     At a status conference in the Home Depot Arbitration on November 15, 2018, I notified the arbitrator regarding the Bankruptcy Case.

39.     The arbitrator directed Debtor's counsel to obtain authorization from the bankruptcy trustee to pursue the claims in arbitration.

40.     Other than the filing of the Home Depot Counterclaim, which I did without knowledge of the Bankruptcy Case, Citi took no actions in the Arbitration to continue the proceeding to collect or assess the claims of Citi against Debtor.

41.     On January 29, 2019, Citi withdrew the void Home Depot Counterclaim from the Home Depot Arbitration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 15, 2019

/s/ Emily L. Peel
Emily L. Peel

## IN AN AMERICAN ARBITRATION ASSOCIATION PROCEEDING

JOHN FECAROTTA )
 )
           Claimant, )
 )
v. )     AAA Case # 01-18-0000-8678
 )
CITIBANK, N.A., )
 )
           Respondent. )

### CITIBANK, N.A.'S RESPONSE, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO CLAIMANT'S DEMAND FOR ARBITRATION

      Respondent, Citibank, N.A. ("Citibank") for its Response to the Demand for Arbitration filed by Claimant, John Fecarotta ("Fecarotta") states as follows:

### GENERAL DENIAL

      Citibank submits this response to the Demand for Arbitration claim ("Demand") filed by Fecarotta in connection with his Sears credit card account ending in 3942 maintained by Citibank (the "Account"). The Account was issued by Citibank, a national bank located in Sioux Falls, South Dakota.

      Citibank denies, generally and specifically, the cause of action and allegations contained within the Demand, and the Demand as a whole, as well as the cause of action and allegations in the Complaint attached to the Demand, and further denies that the relief requested by Fecarotta is appropriate and/or that damages were sustained, or that Citibank's conduct was objectionable, unreasonable, or unlawful, or that Citibank was negligent in any way.  Citibank further denies that by reason of any act, fault, carelessness or omission on its part, Fecarotta has been injured, damaged or harmed in any way or in any amount whatsoever, or at all, by reason of any acts or omissions of Citibank.

**EXHIBIT A**

For its Affirmative Defenses to Claimant's Demand, Citibank states and alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

1.    The Demand, and the claim and cause of action set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2.    The Demand, and the claim and cause of action set forth therein, is barred, in whole or in part, by the conduct, actions and inactions of Fecarotta, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.    The Demand is barred, in whole or in part, by the conduct, actions and inactions of Fecarotta, which amount to and constitute a waiver of any right or rights Fecarotta may or might have in relation to the matters alleged in the Demand.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.    To the extent that Fecarotta has suffered any damage as a result of the matters alleged in the Demand, Fecarotta has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.    The Demand, and each claim and cause of action set forth therein, is barred in whole or in part, on the grounds that Fecarotta may obtain no relief under the Demand by reason of the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.     The Demand, and each claim and cause of action set forth therein, is barred in whole or in part by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

7.     Fecarotta is barred from recovery in that any damage sustained by Fecarotta was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Citibank.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Injury)

8.     The Demand, and each claim and cause of action set forth therein, is barred, in whole or in part, because Fecarotta suffered no injury or actual damages as a result of any conduct by Citibank.

## NINTH AFFIRMATIVE DEFENSE

### (Choice of Law)

9.     The Demand, and each claim and cause of action set forth therein, is barred, in whole or in part, to the extent it is based on law other than the governing law contained in the parties' agreements.

## TENTH AFFIRMATIVE DEFENSE

### (Ratification)

10.     The Demand, and each purported cause of action therein, is barred by the conduct, actions and inactions of Fecarotta under the doctrine of ratification.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

11.     The Demand, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Fecarotta seeks damages that are too speculative to permit recovery.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

12.     JFecarotta failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the damages sought by the Demand; thus, the damages, if any, sustained by Fecarotta were proximately caused and contributed to by the negligence of Fecarotta.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Discharge of Duty)

13.     Citibank alleges that it appropriately, completely and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Demand.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

14.     Fecarotta's damages claim under the TCPA are barred due to an absence any actual damages. Hence, any statutory damages are an excessive fine and violate Citibank's rights under the Due Process and Takings Clauses of the United States Constitution and/or applicable state constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Inequity)

15.     At all relevant times, Citibank acted in good faith in its dealings, if any, with Fecarotta.  As such, it would be inequitable to award Fecarotta damages in any amount.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset)

16.     The Demand, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Citibank asserts that it is entitled to any offset of any damages claimed by Fecarotta based on any amount owing on the Account at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

17.     Fecarotta and/or another customary user of the phone who can bind Fecarotta consented to receive any telephone calls which allegedly were made and any purported revocation of consent was ineffective as a matter of fact and law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

18.     The Demand is barred, in whole or in part, by the doctrine of acquiescence.

## NINETEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

19.     Fecarotta's TCPA claim is barred under the First Amendment of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

20.     Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

- 5 -

## COUNTERCLAIM

For its Counterclaim against John Fecarotta, Citibank states as follows:

Pursuant to AAA Consumer Rule R-2(d), respondent/Counter-Claimant Citibank, N.A. ("Citibank") alleges against Claimant/Counter-Respondent John Fecarotta ("Fecarotta") the following Counterclaim as follows:

Citibank seeks the amount of $12,034.12, the amount of the outstanding balance due and owing on Fecarotta's credit card accounts with Citibank, including the Account and another Home Depot credit card account, which are in default under their relevant card agreements, plus interest, costs and attorney fees, as its Counterclaim. In the event that the Arbitrator finds in favor of Fecarotta by way of his Demand, Citibank requests that any relief be afforded in the form of a credit to the accounts.

## PRAYER

**WHEREFORE,** Citibank prays as follows:

1. That Fecarotta take nothing by way of his Demand;

2. That Citibank be awarded attorneys' fees, costs and disbursements incurred herein,

2. That Citibank be awarded relief pursuant to its Counterclaim; and

3. That Citibank be granted such other relief the Arbitrator may deem just and proper.

CITIBANK, N.A.

_____
One of its Attorneys

Todd A. Rowden
Emily L. Peel
Thompson Coburn LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312.345.7500
trowden@thompsoncoburn.com
epeel@thompsoncoburn.com

Counsel for Citibank, N.A.

- 6 -

 **THOMPSON COBURN** LLP

55 East Monroe Street
37th Floor
Chicago, IL 60603

312 346 7500 main
312 580 2201 fax
thompsoncoburn.com

Emily L. Peel
312 580 2323 direct
epeel@thompsoncoburn.com

July 3, 2018

**VIA ELECTRONIC MAIL**

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste 200
Lombard, IL 60148
mbadwan@sulaimanlaw.com

Re:    John Fecarotta v. Citibank, N.A., AAA 01-18-0000-8678
        Document Request

Dear Mr. Badwan:

In light of Arbitrator Michael Jordan's Order dated May 24, 2018, please produce the following documents on or before August 7, 2018:

- All documents that support, refer or relate in any way to your client's claim, including the damages and relief sought; and
- All documents your client intends to use at the Arbitration Hearing in this action and any submissions related thereto.

Very truly yours,

Thompson Coburn LLP

*Emily Peel*

By
    Emily L. Peel
    Partner

```
EXHIBIT B
```

## IN AN AMERICAN ARBITRATION ASSOCIATION PROCEEDING

| | | |
|---|---|---|
| JOHN FECAROTTA | ) | |
| | ) | |
| Claimant, | ) | |
| v. | ) | AAA Case # 01-18-0000-8674 |
| | ) | |
| CITIBANK, N.A., | ) | |
| | ) | |
| Respondent. | ) | |

### CITIBANK, N.A.'S RESPONSE, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO CLAIMANT'S DEMAND FOR ARBITRATION

Respondent, Citibank, N.A. ("Citibank") for its Response to the Demand for Arbitration filed by Claimant, John Fecarotta ("Fecarotta") states as follows:

### GENERAL DENIAL

Citibank submits this response to the Demand for Arbitration claim ("Demand") filed by Fecarotta in connection with his Home Depot credit card account ending in 2610 maintained by Citibank (the "Account"). The Account was issued by Citibank, a national bank located in Sioux Falls, South Dakota.

Citibank denies, generally and specifically, the cause of action and allegations contained within the Demand, and the Demand as a whole, as well as the cause of action and allegations in the Complaint attached to the Demand, and further denies that the relief requested by Fecarotta is appropriate and/or that damages were sustained, or that Citibank's conduct was objectionable, unreasonable, or unlawful, or that Citibank was negligent in any way. Citibank further denies that by reason of any act, fault, carelessness or omission on its part, Fecarotta has been injured, damaged or harmed in any way or in any amount whatsoever, or at all, by reason of any acts or omissions of Citibank.

**EXHIBIT C**

For its Affirmative Defenses to Claimant's Demand, Citibank states and alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

1.      The Demand, and the claim and cause of action set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2.      The Demand, and the claim and cause of action set forth therein, is barred, in whole or in part, by the conduct, actions and inactions of Fecarotta, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.      The Demand is barred, in whole or in part, by the conduct, actions and inactions of Fecarotta, which amount to and constitute a waiver of any right or rights Fecarotta may or might have in relation to the matters alleged in the Demand.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.      To the extent that Fecarotta has suffered any damage as a result of the matters alleged in the Demand, Fecarotta has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      The Demand, and each claim and cause of action set forth therein, is barred in whole or in part, on the grounds that Fecarotta may obtain no relief under the Demand by reason of the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.     The Demand, and each claim and cause of action set forth therein, is barred in whole or in part by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

7.     Fecarotta is barred from recovery in that any damage sustained by Fecarotta was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Citibank.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Injury)

8.     The Demand, and each claim and cause of action set forth therein, is barred, in whole or in part, because Fecarotta suffered no injury or actual damages as a result of any conduct by Citibank.

## NINTH AFFIRMATIVE DEFENSE

### (Choice of Law)

9.     The Demand, and each claim and cause of action set forth therein, is barred, in whole or in part, to the extent it is based on law other than the governing law contained in the parties' agreements.

## TENTH AFFIRMATIVE DEFENSE

### (Ratification)

10.     The Demand, and each purported cause of action therein, is barred by the conduct, actions and inactions of Fecarotta under the doctrine of ratification.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

11.     The Demand, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Fecarotta seeks damages that are too speculative to permit recovery.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

12.     JFecarotta failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the damages sought by the Demand; thus, the damages, if any, sustained by Fecarotta were proximately caused and contributed to by the negligence of Fecarotta.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Discharge of Duty)

13.     Citibank alleges that it appropriately, completely and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Demand.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

14.     Fecarotta's damages claim under the TCPA are barred due to an absence any actual damages. Hence, any statutory damages are an excessive fine and violate Citibank's rights under the Due Process and Takings Clauses of the United States Constitution and/or applicable state constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Inequity)

15.     At all relevant times, Citibank acted in good faith in its dealings, if any, with Fecarotta. As such, it would be inequitable to award Fecarotta damages in any amount.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset)

16.     The Demand, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Citibank asserts that it is entitled to any offset of any damages claimed by Fecarotta based on any amount owing on the Account at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

17.     Fecarotta and/or another customary user of the phone who can bind Fecarotta consented to receive any telephone calls which allegedly were made and any purported revocation of consent was ineffective as a matter of fact and law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

18.     The Demand is barred, in whole or in part, by the doctrine of acquiescence.

## NINETEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

19.     Fecarotta's TCPA claim is barred under the First Amendment of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

20.     Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## COUNTERCLAIM

For its Counterclaim against John Fecarotta, Citibank states as follows:

Pursuant to AAA Consumer Rule R-2(d), respondent/Counter-Claimant Citibank, N.A. ("Citibank") alleges against Claimant/Counter-Respondent John Fecarotta ("Fecarotta") the following Counterclaim as follows:

Citibank seeks the amount of $12,197.24, the amount of the outstanding balance due and owing on Fecarotta's credit card accounts with Citibank, including the Account and another Home Depot credit card account, which are in default under their relevant card agreements, plus interest, costs and attorney fees, as its Counterclaim. In the event that the Arbitrator finds in favor of Fecarotta by way of his Demand, Citibank requests that any relief be afforded in the form of a credit to the accounts.

## PRAYER

**WHEREFORE,** Citibank prays as follows:

1. That Fecarotta take nothing by way of his Demand;

2. That Citibank be awarded attorneys' fees, costs and disbursements incurred herein;

2. That Citibank be awarded relief pursuant to its Counterclaim; and

3. That Citibank be granted such other relief the Arbitrator may deem just and proper.

CITIBANK, N.A.

One of its Attorneys

Todd A. Rowden
Emily L. Peel
Patrick Morales Doyle
Thompson Coburn LLP
55 East Monroe Street - 37th Floor
Chicago, IL 60603
312.345.7500
trowden@thompsoncoburn.com
epeel@thompsoncoburn.com
pdoyle@thompsoncoburn.com

- 6 -

Counsel for Citibank, N.A.

.

## IN THE MATTER OF THE ARBITRATION BETWEEN:

| | |
|---|---|
| JOHN FECAROTTA, | |
| | Case No. 01-18-0000-8678 |
| Claimant, | |
| v. | |
| | American Arbitration Association |
| CITIBANK, N.A. | |
| Respondent. | |

## CLAIMANT'S ANSWERS AND OBJECTIONS TO CITIBANK, N.A.'S REQUESTS FOR PRODUCTION

NOW COMES Claimant, JOHN FECAROTTA ("Claimant"), by and through his undersigned counsel, hereby submitting the following answers and objections to the Document Requests propounded by CITIBANK, N.A. ("Respondent," or "Citibank") as follows:

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

All documents that support, refer or relate in any way to your client's claim, including the damages and relief sought.

**RESPONSE:** Claimant objects to this Request to the extent it is seeking documents protected by the attorney-client privilege and/or the work product privilege. Subject to and without waiving the foregoing objections, Claimant states he is seeking statutory damages pursuant to the Telephone Consumer Protection Act ("TCPA") in the amount of no less than $500 per call placed by Respondent to Claimant's cellular phone, using an Automatic Telephone Dialing System ("ATDS"), without his consent. Accordingly, Claimant is in possession of the

**EXHIBIT D**

documents/information that would identify/establish (1) the number of calls placed by Respondent to Claimant's cellular phone; (2) the technology employed to place the calls; and (3) whether Respondent had consent to place calls to Claimant's cellular phone.

Claimant further states that he has issued a subpoena to Sprint, his wireless service provider, seeking his call records for the relevant time period. Claimant will supplement this response upon receipt of Sprint's response to Claimant's subpoena.

Claimant further states he intends on retaining an expert to establish that Respondent's calls to Claimant's cellular phone were placed utilizing an ATDS as defined by the TCPA. Claimant will produce his expert disclosures and report in accordance with the anticipated Order from the Arbitrator setting the deadlines to submit the same.

Lastly, Claimant is also seeking compensatory damages, punitive damages, and his attorney's fees and costs pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Documents responsive to Claimant's damages for his ICFA claim are substantially similar to the documents responsive to the damages Claimant is seeking for his TCPA claim. Claimant will produce documents establishing his attorneys' fees and costs if and when he prevails on his ICFA claim. Claimant reserves the right to supplement this response.

**DOCUMENT REQUEST NO. 2:**

All documents your client intends to use at the Arbitration Hearing in this action and any submissions related thereto.

**RESPONSE:** Claimant objects to this Request as premature. Claimant will produce his hearing exhibits/documents in accordance with the anticipated Order from the Arbitrator setting the deadlines to submit the same. Subject to and without waiving the foregoing objection, Claimant states he intends on using the following exhibits/documents at the Arbitration Hearing:

1) Any document produced by Claimant, including but not limited to, call records, call recordings, and servicing notes pertaining to Claimant's credit account and all documents relating to the technology utilized by Respondent to place calls to Claimant. Respondent is in possession of these documents.

2) Claimant's Sprint phone records. Claimant has issued a subpoena to Sprint, his wireless service provider, seeking his call records for the relevant time period. Claimant will supplement this response upon receipt of Sprint's response to Claimant's subpoena.

3) Claimant's expert report. Claimant will produce his expert report in accordance with the anticipated Order from the Arbitrator setting the deadline to submit the same

4) Any document necessary for impeachment purposes.

5) All documents filed in Claimant's bankruptcy proceeding filed in the Bankruptcy Court for the Northern District of Illinois, 18-bk-13326 (Bankr. N.D. Ill. 2018). *See* Fecarotta 001-005. Claimant contends that the counter-claim filed by Respondent in this matter is in violation of the bankruptcy automatic stay and thus is void ab initio. *See* 11 U.S.C. §362k.

Claimant reserves the right to supplement this response.

Date: August 6, 2018

Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Claimant*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone: (630) 575-8181
mbadwan@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Claimant, certifies that on August 6, 2018, he caused a copy of the foregoing **CLAIMANT'S ANSWERS AND OBJECTIONS TO CITIBANK, N.A.'S DOCUMENT REQUESTS,** to be served via email, on:

Emily L. Peel
Todd A. Rowden
Thompson Coburn LLP
55 E. Monroe, 37th Floor
Chicago, IL 60603
epeel@thompsoncoburn.com
trowden@thompsoncoburn.com

*/s/ Mohammed O. Badwan*

## IN THE MATTER OF THE ARBITRATION BETWEEN:

| | |
|---|---|
| JOHN FECAROTTA, | |
| Claimant, | Case No. 01-18-0000-8674 |
| v. | |
| CITIBANK, N.A. | American Arbitration Association |
| Respondent. | |

## CLAIMANT'S ANSWER TO RESPONDENT'S COUNTERCLAIM

Claimant, JOHN FECAROTTA ("Claimant"), by and through his undersigned counsel, hereby submits the following Answer to Respondent's Counterclaim as follows:

### GENERAL DENIAL

Pursuant to the AAA's Consumer Arbitration Rules, Claimant generally denies each and every allegation set forth in Respondent's Counterclaim and each purported cause of action therein.

WHEREFORE, Claimant requests judgment as follows:

1. That Respondent takes nothing from Claimant through its Counterclaim, which should be dismissed with prejudice.

2. That the Arbitrator order such other further reasonable relief as the Arbitrator may deem just and proper.

1

**EXHIBIT E**

Dated: October 8, 2018

Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Claimant*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone: (630) 575-8180
Fax: (630) 575-8188



THOMPSON
COBURN LLP

55 East Monroe Street
37th Floor
Chicago, IL 60603

312 346 7500 main
312 580 2201 fax
thompsoncoburn.com

Emily L. Peel
312 580 2323  direct
epeel@thompsoncoburn.com

October 8, 2018

**VIA ELECTRONIC MAIL**

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste 200
Lombard, IL 60148
mbadwan@sulaimanlaw.com

Re:     John Fecarotta v. Citibank, N.A., AAA 01-18-0000-8674
         Document Request

Dear Mr. Badwan:

In relation to the above referenced matter, please produce the following documents on or before
October 29, 2018:

- All documents that support, refer or relate in any way to your client's claim,
  including the damages and relief sought; and
- All documents your client intends to use at the Arbitration Hearing in this action
  and any submissions related thereto.

Very truly yours,

Thompson Coburn LLP

*Emily Peel*

By
   Emily L. Peel
   Partner

**EXHIBIT F**

## IN THE MATTER OF THE ARBITRATION BETWEEN:

| | |
|---|---|
| JOHN FECAROTTA, | |
| Claimant, | Case No. 01-18-0000-8674 |
| v. | |
| CITIBANK, N.A. | American Arbitration Association |
| Respondent. | |

### CLAIMANT'S ANSWERS AND OBJECTIONS TO CITIBANK, N.A.'S REQUESTS FOR PRODUCTION

NOW COMES Claimant, JOHN FECAROTTA ("Claimant"), by and through his undersigned counsel, hereby submitting the following answers and objections to the Document Requests propounded by CITIBANK, N.A. ("Respondent," or "Citibank") as follows:

### DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents that support, refer or relate in any way to your client's claim, including the damages and relief sought.

**RESPONSE:** Claimant objects to this Request to the extent it is seeking documents protected by the attorney-client privilege and/or the work product privilege. Subject to and without waiving the foregoing objections, *see* Fecarotta 001-668.

Claimant further states he intends on retaining an expert to establish that Respondent's calls to Claimant's cellular phone were placed utilizing an ATDS as defined by the TCPA. Claimant will produce his expert disclosures and report in accordance with the anticipated Order from the

1

**EXHIBIT G**

Arbitrator setting the deadlines to submit the same.

Lastly, Claimant intends on using all documents produced by Citbank in this matter to establish his claims and damages. Claimant reserves the right to supplement this response.

## DOCUMENT REQUEST NO. 2:

All documents your client intends to use at the Arbitration Hearing in this action and any submissions related thereto.

**RESPONSE:** Claimant objects to this Request as premature. Claimant will produce his hearing exhibits/documents in accordance with the anticipated Order from the Arbitrator setting the deadlines to submit the same. Subject to and without waiving the foregoing objection, Claimant states he intends on using the following exhibits/documents at the Arbitration Hearing:

1) Any document produced by Claimant, including but not limited to, call records, call recordings, and servicing notes pertaining to Claimant's credit account and all documents relating to the technology utilized by Respondent to place calls to Claimant. Respondent is in possession of these documents.

2) Claimant's call logs. *See* Fecarotta 669-673.

3) Claimant's Sprint phone records. *See* Fecarotta 006-668.

4) Claimant's expert report. Claimant will produce his expert report in accordance with the anticipated Order from the Arbitrator setting the deadline to submit the same

5) Any document necessary for impeachment purposes.

6) All documents filed in Claimant's bankruptcy proceeding filed in the Bankruptcy Court for the Northern District of Illinois, 18-bk-13326 (Bankr. N.D. Ill. 2018). *See* Fecarotta

001-005. Claimant contends that the counter-claim filed by Respondent in this matter is in violation of the bankruptcy automatic stay and thus is void ab initio. *See* 11 U.S.C. §362k.

Claimant reserves the right to supplement this response.

Date: October 29, 2018                          Respectfully submitted,

                                                /s/ Mohammed O. Badwan
                                                Mohammed O. Badwan, Esq.
                                                *Counsel for Claimant*
                                                Sulaiman Law Group, Ltd.
                                                2500 S. Highland Ave., Ste. 200
                                                Lombard, IL 60148
                                                Phone: (630) 575-8181
                                                mbadwan@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Claimant, certifies that on October 29, 2018, he caused a copy of the foregoing **CLAIMANT'S ANSWERS AND OBJECTIONS TO CITIBANK, N.A.'S DOCUMENT REQUESTS,** to be served via email, on:

**Emily L. Peel**
**Todd A. Rowden**
Thompson Coburn LLP
55 E. Monroe, 37th Floor
Chicago, IL 60603
epeel@thompsoncoburn.com
trowden@thompsoncoburn.com

*/s/ Mohammed O. Badwan*

4