IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> JOHN J. FECAROTTA <br><br> Debtor(s) | Case No. 1:18-bk-13326 <br><br> Chapter 13 <br><br> Honorable Janet S. Baer |

**DEBTOR'S REPLY IN SUPPORT OF HIS MOTION FOR DAMAGES/SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

JOHN J. FECAROTTA, through counsel, SULAIMAN LAW GROUP, LTD., hereby submits his Reply in Support of his Motion for Damages/Sanctions for Violation of the Automatic Stay. In support thereof, Fecarotta states as follows:

**INTRODUCTION**

Citi's response demonstrates its willful conduct. Remarkably, Citi doubles down on its contempt of the automatic stay and instead shifts the blame on Fecarotta and his counsel. Citi essentially trivializes its conduct and ignores the mandates of the bankruptcy automatic stay. Apparently, Citi feels it is exempt from the automatic stay and believes that compliance with the automatic stay is optional and not mandatory. Shockingly, Citi does not even attempt to explain why it did not withdraw its counterclaims after **its counsel** was notified of the Debtor's bankruptcy filing in **August 2018,** waiting until late January 2019 to withdraw it counterclaim in one of the arbitration proceedings. Moreover, Citi still has not withdrawn its counterclaim in one of the arbitration proceedings. This is not a case of negligence; it is one of arrogance defiance. There is no justification for Citi's actions and Citi's continued contempt of the automatic stay demonstrates that sanctions should be issued.

1

# ARGUMENT

I. **Citi Does Not and Cannot Contend That it Never Received Notice of Debtor's Bankruptcy Filing**

Citi contends that it should not be sanctioned because Fecarotta's counsel did not notify Citi's counsel for months after the commencement of the arbitration proceedings. Citi's argument misses the mark because the onus is on Citi, a sophisticated publicly traded company, to notify its attorneys of the bankruptcy filing. Notably, Citi **never** contends that **it** did not receive notice of the bankruptcy filing. Had Citi's counsel been the only one notified of the bankruptcy, failed to inform Citi, and thereafter continued to prosecute the counterclaim, it would be fair to consider whether Citi should be punished for the actions of an ostensibly "rogue" agent.  In the context of this case, however, Citi itself was aware of the bankruptcy and simply failed to rein in its counsel. But for Citi's failure to act, there would have been no commencement of counterclaims, no continuation of counterclaims, and no damage to Fecarotta.

Here, Fecarotta filed his bankruptcy on May 7, 2018.  On May 10, 2018, notice of Fecarotta's bankruptcy case filing was sent to Citi at P.O. Box 790034. St. Louis, Missouri 63179 by the Bankruptcy Noticing Center. Citi does not and cannot contend that it received inadequate (or no) notice of Fecarotta's bankruptcy itself.  Notably, Citi does not contend that notice was sent to a wrong address or otherwise was never received. Citi's silence on this issue demonstrates that Citi received notice of Fecarotta's bankruptcy filing and inexplicably failed to advise its counsel of the same. Had Citi done so, one would **presume** that its counsel would've complied with the automatic stay. However, as set forth below, Citi and its counsel never had any intention of complying with the automatic stay.

Assuming Citi's counsel was not notified of the bankruptcy – which it was - Citi is still liable for violations of the automatic stay because **Citi** had knowledge of the bankruptcy**.** In this

2

case, and as explained below, both Citi and its counsel had **actual knowledge** of the bankruptcy and **both** chose to continue contemptuous conduct. However, what is important here is what Citi, as a principal, knew, not what Citi's counsel, as an agent, knew or did not know. Simply put, it is Citi's obligation to inform its counsel of the bankruptcy because "a principal is obligated to provide an agent with adequate instructions and warnings, and a principal may be held responsible for harm which results from the failure to disclose known facts to the agent." *See Restatement (Second) of Agency* §§ 256, 435, 509, and 510.

There is no question that Citi knew of the bankruptcy. Accordingly, Citi is responsible for any action or inaction taken by Citi through its counsel that violates the automatic stay. Given that Citi had actual knowledge of the automatic stay as early as May 2018 when the bankruptcy was filed and did nothing for nearly **8 months**, it must be found that Citi's failure to cease collection activity in the intervening time violated the automatic stay. Repeated violations of the automatic stay for **8 months** is not a "technical violation" as Citi contends, it amounts to a willful disregard of the mandates of the automatic stay. Accordingly, sanctions against Citi are warranted.

II. **Fecarotta's Counsel Informed Citi's Counsel of Fecarotta's Bankruptcy on No Less than 10 Occasions; Imputing Knowledge on Citi**

Citi contends that Fecarotta's counsel stayed silent and never informed the District Court, Arbitrator, or counsel for Citi of Fecarotta's bankruptcy, and thus Citi should not be sanctioned for the same reason. Nothing could be further from the truth. In addition to Citi having actual notice of Fecarotta's bankruptcy as early as May 2018, Fecarotta's counsel informed Citi's counsel of Fecarotta's bankruptcy on no less than 10 occasions. *See e.g.* Citi Response, Peel Decl., Exhibits D and G. Astonishingly, Citi attaches documents to its response that refute its positon that Fecarotta's counsel never provided Citi with notice of the bankruptcy. Specifically, Citi attaches documentation to its response that unequivocally establishes that Citi's counsel first obtained

3

knowledge of Fecarotta's bankruptcy as early as August 6, 2018 through Fecarotta's responses to Citi's requests for production. *See* Citi Response, ¶17, *see also* Peel Decl., Exhibit D. Fecarotta's response and document production included the bankruptcy docket for Fecarotta's case and affirmatively stated "**Claimant contends that the counter-claim filed by Respondent in this matter is in violation of the bankruptcy automatic stay and thus is void ab initio**." *Id.* at Peel Decl., Exhibit D, Response to Document Request No. 2. Citi completely trivializes such notice in its response by chalking it up as a simple "reference" of the bankruptcy. *See* Citi Resp. pg. 10. Citi's argument must fail because not only did Fecarotta's response to the document production advise Citi's counsel of the bankruptcy, but it also affirmatively alleged that Citi was **violating the automatic stay**. Such stark notice is adequate notice of the bankruptcy by any standard. Accordingly, the undisputed evidence establishes that Citi's counsel had actual knowledge that Citi was violating the automatic stay as early as August 6, 2018,

Unfortunately for Citi, pursuant to the "imputed knowledge" rule of agency, knowledge possessed by an agent (Citi's counsel) is imputed to the principal (Citi) for purposes of liability under the theory that when an agent acts in the scope of the agency relationship, there is an "identity of interests" between the principal and agent. *See Siharath v. Citifinancial Servs. (In re Siharath)*, 285 B.R. 299, 304 (Bankr. D.Minn. 2002). Courts have held that "it is presumed that the agent will perform its duty and communicate to his principal the facts that the agent acquires while acting within the scope of the agency relationship. *Waswick v. Stutsman County Bank* (*In re Waswick*), 212 B.R. 350, 353 n.3 (Bankr. D.N.D. 1997).

Here, Citi concedes that as of August 6, 2018, Citi's counsel knew of Fecarotta's bankruptcy through Fecarotta's responses to Citi's requests for production in the Citi/Sears arbitration matter. Moreover, Citi also concedes that on October 29, 2018, Citi's counsel knew of

4

Fecarotta's bankruptcy through Fecarotta's responses to Citi's requests for production in the Citi/The Home Depot arbitration case. In those responses, Fecarotta **again** produced the bankruptcy docket and **again** affirmatively stated "**Claimant contends that the counter-claim filed by Respondent in this matter is in violation of the bankruptcy automatic stay and thus is void ab initio**." *See* Citi Response, Peel Decl., Exhibit G.

Moreover, on November 12, 2018 as well as November 16, 2018, Citi's counsel questioned Fecarotta's standing to pursue both Citi/Sears and Citi/The Home Depot arbitration matters – citing Fecarotta's pending bankruptcy case. *See* Citi Resp., Peel Decl., ¶¶35-36; *see also* Fecarotta Exhibit A, Arbitrator's November 16, 2018 Order. In other words, Citi used Fecarotta's bankruptcy as a sword to bolster its defense when in fact the automatic stay was designed to be a shield for Fecarotta. Simply put, Citi used the bankruptcy filing to its advantage when it benefited Citi while simultaneously ignoring the bankruptcy when it was to Citi's detriment.

Additionally, on November 12, 2018, Fecarotta's counsel submitted Fecarotta's witness and exhibit list in the Citi/The Home Depot arbitration. Notably, Fecarotta's counsel identified "**all documents filed in [Fecarotta's] bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 1:18-bk-13326**." *See* Fecarotta Exhibit B, Fecarotta's Witness and Exhibit List. That afternoon, Fecarotta's arbitration counsel sent an email to Citi's counsel, Emily Peel, stating:

> "We will seek the Trustee's authorization to pursue the claims against Citi and **will be filing a motion for sanctions in Bankruptcy Court for Citi's violations of the automatic stay for filing counter-claims against Mr. Fecarotta while the stay was in effect**." *See* Fecarotta Exhibit C, email from Fecarotta's arbitration counsel to Emily Peel.

Despite another stark warning, Citi did nothing to purge itself of the contempt and continued to ignore that the automatic stay.

On January 4, 2019, in response to Citi's counsel's questioning Fecarotta's standing to pursue both the Citi/Sears and Citi/The Home Depot arbitration matters, Fecarotta's counsel sought this Court's authorization to pursue his claims against Citi. On January 7, 2019, Fecarotta's counsel sent this Court's Order Authorizing Debtor to Pursue Claims to the arbitrator in both arbitration matters – copying Citi's counsel. Again, Citi and its counsel sat idle and let the automatic stay violations accrue.

As demonstrated above, Fecarotta's counsel exhausted all avenues to get Citi to comply with the automatic stay. However, all of the efforts were patently ignored, requiring Fecarotta to seek judicial enforcement of the automatic stay. Moreover, Citi's Response does not even attempt to explain why it took Citi nearly 6 weeks to withdraw one of its two counterclaims **after Fecarotta filed the instant motion**. Specifically, Fecarotta filed this Motion on December 19, 2018 and Citi did not withdraw one of its counterclaims until January 29, 2019. Brazenly, Citi has yet to withdraw its counterclaim in one of the arbitration proceedings. Such conduct clearly illustrates that Citi's conduct is knowing and willful, thus warranting sanctions.

**III.     The Automatic Stay Required Citi to Maintain, or Restore, the Status Quo as it Existed at the Time of the Filing of the Bankruptcy Petition**

For purposes of § 362(a), a creditor, once it receives notice of a debtor's bankruptcy, has an affirmative duty to take reasonable measures to ensure that the collection activities, which it set in motion, are discontinued. The failure to abide by this affirmative duty may result in a stay violation and the imposition of damages. A creditor's affirmative duty to cease any ongoing collection activities is derived from § 362(a) which provides, *inter alia*:

> [A] petition filed under section 301, 302, or 303 of this title *** operates as a stay, applicable to all entities, of –
>
> (1)     The commencement or *continuation*, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding

> against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

(emphasis added). Thus, as explained in the case of *In re Banks*, 253 B.R. 25 (Bankr. E.D.Mich. 2000):

> Based on [the] language of § 362(a)(1), many courts have emphasized the obligation incumbent upon creditors to take the necessary steps to halt or reverse any pending State Court actions or other collection efforts commenced prior to the filing of a bankruptcy petition, including garnishment of wages, repossession of an automobile, foreclosure of a mortgage or a judgment lien and, thereby, maintain, or restore, the status quo as it existed at the time of the filing of the bankruptcy petition.

*Id*. at 30 citing *Ledford v. Tiedge* (*In re Sams*), 106 B.R. 485, 490 (Bankr. S.D Ohio 1989); *see also Mitchell v. Quality Plant Serv., Inc*. (*In re Mitchell*), 66 B.R. 73, 75 (Bankr. S.D. Ohio 1986) ("If one is enjoined from continuing a judicial proceeding against the debtor, one is obliged to discontinue it.")."The stay requires the creditor to maintain, or restore, the status quo as it existed at the time of the filing of the bankruptcy petition." *In re Johnson*, 262 B.R. 831, 847 (Bankr. D. Idaho 2001). Courts have held that:

> [It is] incumbent upon creditors to take the necessary steps to halt or reverse any pending State Court actions or other collection efforts commenced prior to the filing of a bankruptcy petition, including garnishment of wages, repossession of automobile, foreclosure of a mortgage or a judgment lien and, thereby, maintain, or restore, the status quo as it existed at the time of the filing of the bankruptcy petition.

*In re Banks*, 253 B.R. at 30 (citing *Sams*, 106 B.R. at 490); *In re Johnston*, 321 B.R. 262, 284 (Bankr. D. Ariz. 2005) ("The creditor sets in motion the process. The creditor is very much in the driver's seat and very much controls what is done thereafter if he chooses. If the continuation of a continuation [of a collection action] is to be stayed, [the creditor] cannot choose to do nothing and **pass the buck to the debtor**.") (emphasis added.) Importantly, failure to take "reasonable steps" to remedy a prior stay violation in itself violates the automatic stay. *Copeland v. Kandi*, 441 B.R. 352, 360 (Bankr. W.D. Wash. 2010). The Seventh Circuit has held that a "creditor has

7

an affirmative duty to undo acts which violate the stay, even if she had no actual notice of the bankruptcy at the time the acts were performed." *Smith v. Albert* (*In re Smith*), 111 F.3d 133 (7th Cir. 1997).

Here, Citi did **absolutely nothing** to reverse its actions until late January 2019, despite having notice of the bankruptcy since May 2018 when the bankruptcy was filed. In other words, Citi decided to wait **8 months** to begin complying with the automatic stay**. Moreover, Citi has yet to withdraw its counterclaim in one of the arbitration proceedings (Citi/Sears arbitration).** Accordingly, Citi has and continues to willfully violate the automatic stay, warranting sanctions.

## CONCLUSION

Fecarotta was forced to seek judicial enforcement of the automatic stay as a result of Citi's contempt of the automatic stay. The automatic stay should be "automatic." Requiring debtors with limited means to enforce the automatic stay would devour the protections of the automatic stay. As demonstrated above, Citi has and continues to willfully violate the automatic stay. Instead of participating in the bankruptcy process and filing a proof of claim, Citi elected to take matters into its own hands and hold the counterclaims as leverage against Fecarotta in the arbitration proceedings. Moreover, Citi **continues** to arrogantly defy the automatic stay and its protective provisions as the counterclaim against Fecarotta in the Citi/Sears arbitration has not been withdrawn.

This Court must enforce the automatic stay and sanction Citi to deter future misconduct. Failure to do so will send a very dangerous message to creditors subject to a bankruptcy proceeding, that the automatic stay is optional and not mandatory. This Court must sanction Citi

to preserve the integrity of the automatic stay and the bankruptcy process. Moreover, the Court should set an evidentiary hearing for a determination of Fecarotta's damages.

DATED: March 13, 2019            Respectfully submitted,

**JOHN J FECAROTTA**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com